Jolene Puckett, Esq.
IDEA Law Group, LLC
4530 S. Eastern Ave. Ste. 10
Las Vegas, NV 89119
Phone: 877-353-2146
jpuckett@idealawgroupllc.com

Attorney for Ally Servicing LLC as servicer on
behalf of Citrus Tree Finance LLC

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF ARIZONA
### PHOENIX DIVISION

In re:

Justin L Bassett
Aka: Justin Lee Millett

Debtor(s)

Case No. 2:25-BK-08792-MCW

**Chapter 13 Proceeding**

**OBJECTION TO CONFIRMATION OF
FIRST AMENDED CHAPTER 13 PLAN**

**Docket no. 36**

Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC ("**Creditor**") a secured

creditor in the above referenced case, and objects to confirmation of Justin L Bassett ("Debtor")'s

proposed First Amended Chapter 13 Plan pursuant to 11 U.S.C. §§1322 and 1325 and in support

thereof alleges.

## I.    BACKGROUND

1.    On 03/18/2025, Debtor Justin L Bassett and Codebtor Summer L Bassett purchased

a 2024 Chevrolet Equinox, legally identified by the VIN ending in: 6797 (the "Vehicle") under the

Retail Installment Sale Contract attached hereto as Exhibit A.

2. Creditor has the security interest in the Vehicle as evidenced by the evidence of Title, a true and correct copy of which is attached hereto as Exhibit B.

3. On 09/17/2025, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

4. On 02/11/2026 the Debtor filed a proposed First Amended Chapter 13 plan ("Plan"), setting forth Secured Claim at $28,627.74 and proposing adequate protection payments at $450.00, allowing for interest on the debt to accrue post-petition at 9.50%.

5. Creditor filed a Proof of Claim on 10/20/2025, reflecting a total claim of $30,144.24 with $1,516.50 in arrears with an interest rate of 19.990 % [Claim #9-1]. A true and correct copy of which is attached as Exhibit C.

## II. OBJECTION

1. Under 11 U.S.C. § 1325, it is a condition of confirmation that if a creditor has a purchase money security interest in a motor vehicle, acquired for the personal use of the Debtor(s), securing the debt that is the subject of a claim, and the debt was incurred in the 910- day period preceding the date of the filing of the petition, the plan must pay the full value of that claim. Debtor(s) purchased the Vehicle approximately 183 days prior to the filing of the petition. Thus, the lien is not subject to modification and Debtor(s) must pay pursuant to the terms of the Contract. Creditor objects to the confirmation of the Plan.

2. Creditor requests adequate protection on the Vehicle from each payment made by the Debtor(s) to the Chapter 13 Trustee from funds held in Trust by the Chapter 13 Trustee in the amount of $450.00 as set forth in the Plan. Creditor requests Chapter 13 Trustee to pay to Creditor the adequate protection payments on a monthly basis in the normal course of business.

3. The Plan must comply with all applicable provisions of 11 U.S.C. §1325 to be confirmed. As such, the Plan cannot be confirmed.

Dated: March 11, 2026

/s/  Jolene Puckett
Jolene Puckett, Esq.
IDEA Law Group, LLC
4530 S. Eastern Ave. Ste. 10
Las Vegas, NV 89119
Phone: 877-353-2146
jpuckett@idealawgroupllc.com

Attorney for Ally Servicing LLC as servicer
on behalf of Citrus Tree Finance LLC

# ✒LAW 553-AZ-ARB-e 11/23

## RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE
## (WITH ARBITRATION PROVISION)

Non-Authoritative Copy  Ally Bank - 03/18/2025

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| JUSTIN LEE BASSETT<br>1229 S 13TH AVE UNIT 2<br>PHOENIX, AZ 85007 MARICOPA | SUMMER LYNN BASSETT<br>1229 S 13TH AVE UNIT 2<br>PHOENIX, AZ 85007 MARICOPA | SANDS MOTOR COMPANY<br>5418 NORTHWEST GRAND AVENUE<br>GLENDALE, AZ 85301 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Odometer | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| Used | 2024 | Chevrolet Equinox | 24530 | 3GNAXKEG9RS216797 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural ☐ _____ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 19.99 % | $ 21,550.73 | $ 29,226.55 | $ 50,777.28 | $ 3,500.00 is<br>$ 54,277.28 |

### Your Payment Schedule Will Be:
(e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 705.24 | Monthly beginning 05/02/2025 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### APPLICABLE LAW
Federal law and the law of the state of Arizona apply to this contract.

### OPTIONAL GAP CONTRACT.
A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ 72 _____ Mos.

_____ SAFE-GUARD _____
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X **A** *JUSTIN BASSETT*

### NEGATIVE CREDIT REPORT NOTICE
**We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

## FOR USED VEHICLES ONLY
**The Seller hereby warrants that this vehicle will be fit for the ordinary purposes for which the vehicle is used for 15 days or 500 miles after delivery, whichever is earlier, except with regard to particular defects disclosed on the first page of this agreement. You (the purchaser) will have to pay up to $25.00 for each of the first two repairs if the warranty is violated.**
**ATTENTION PURCHASER: SIGN HERE ONLY IF THE DEALER TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM(S) AND THAT YOU AGREE TO BUY THE VEHICLE ON THOSE TERMS:**
**ATENCIÓN COMPRADOR: FIRME AQUÍ SOLAMENTE SI EL VENDEDOR LE HA DICHO QUE EL VEHÍCULO TIENE EL/LOS SIGUIENTE(S) PROBLEMA(S) Y QUE USTED ESTÁ DE ACUERDO EN COMPRAR EL VEHÍCULO BAJO ESTOS TÉRMINOS:**

1. N/A

2. N/A

3. N/A

X **B** N/A _____ N/A
**Buyer Signs** (Date)

X **B** N/A _____ N/A
**Co-Buyer Signs** (Date)

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X **C** *JUSTIN BASSETT* _____ Co-Buyer Signs X **C** *SUMMER BASSETT*

Exhibit A

Non-Authoritative Copy  Ally Bank - 03/18/2025

Non-Authoritative Copy   Ally Bank - 03/18/2025

## ITEMIZATION OF AMOUNT FINANCED

**1** Cash Price

  **A** Cash Price of Motor Vehicle (including accessories, services)    $ _____ 25,284.00

  **B** Sales Tax    $ _____ 1,920.23

  **C** Prior Credit or Lease Balance paid to
     NONE    $ _____ N/A

  **D** Other N/A    $ _____ N/A

  **E** Other N/A    $ _____ N/A

  **F** Other N/A    $ _____ N/A

  **G** Other N/A    $ _____ N/A

  **H** Other N/A    $ _____ N/A

  Total Cash Price (A through H)    $ _____ 27,204.23 (1)

**2** Total Downpayment =

  Trade-In   2009    Nissan    Rogue
      (Year)     (Make)     (Model)

  Gross Trade-In Allowance    $ _____ 3,500.00

  Less Pay Off Made By Seller to NONE    $ _____ 0.00

  Equals Net Trade In    $ _____ 3,500.00

  + Cash    $ _____ N/A

  + Other N/A    $ _____ N/A

  + Other Rebates    $ _____ N/A

  + Other N/A    $ _____ N/A

  (If total downpayment is negative, enter "0" and see prior credit or lease balance, item 1C, above)    $ _____ 3,500.00 (2)

**3** Unpaid Balance of Cash Price (1 minus 2)    $ _____ 23,704.23 (3)

**4** Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

  **A** Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
     Life    $ N/A
     Disability    $ N/A    $ _____ N/A

  **B** Other Optional Insurance Paid to Insurance Company or Companies    $ _____ N/A

  **C** Optional Gap Contract    $ _____ 693.00

  **D** Official Fees Paid to Government Agencies    $ _____ 3.50

  **E** Government Taxes Not Included in Cash Price    $ _____ N/A

  **F** Government License and/or Registration Fees
     License Fee : $ 511.57
     Registration Fee : $ 8.50    $ _____ 520.07

  **G** Government Certificate of Title Fees    $ _____ 8.25

  **H** Other Charges (Seller must identify who is paid and describe purpose)

| to | for | |
|---|---|---|
| SAFE-GUARD | PREMIER CARE | $ 807.00 |
| SAFE-GUARD | Service Contract | $ 2,891.00 |
| DEALER | Documentation Fee | $ 599.50 |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |
| N/A | N/A | $ N/A |

  Total Other Charges and Amounts Paid to Others on Your Behalf    $ _____ 5,522.32 (4)

**5** Amount Financed (3 + 4)    $ _____ 29,226.55 (5)

If the "Amount Financed" exceeds $ _____ 71,900.00 _____ or if the motor vehicle is primarily for commercial use, the "Amount Financed" is also the "Final Cash Price Balance" and the "Total of Payments" is also the "Time Balance".

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____ N/A _____ , Year N/A . SELLER'S INITIALS _____ N/A _____

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life:   ☐ Buyer   ☐ Co-Buyer   ☐ Both

☐ Credit Disability:   ☐ Buyer   ☐ Co-Buyer   ☐ Both

Premium:

  Credit Life $ _____ N/A

  Credit Disability $ _____ N/A

Insurance Company Name _____ N/A

Home Office Address _____ N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ _____ N/A _____ N/A
    Type of Insurance      Term

Premium $ _____ N/A

Insurance Company Name _____ N/A

Home Office Address _____ N/A

☐ _____ N/A _____ N/A
    Type of Insurance      Term

Premium $ _____ N/A

Insurance Company Name _____ N/A

Home Office Address _____ N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

**X D** _____ N/A _____ N/A
Buyer Signature           Date

**X D** _____ N/A _____ N/A
Co-Buyer Signature          Date

**Returned Check Charge:** You agree to pay a charge of $25.00, plus actual charges assessed by a financial institution, if any check you give us is dishonored.

Non-Authoritative Copy   Ally Bank - 03/18/2025

# Exhibit A

# OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed with a day counted as 1/365th of a year (or 1/366th in a leap year).

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

**a. If the vehicle is damaged, destroyed, or missing.**
You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, we will subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give us false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. Debtor's Liability for Failure to Return Vehicle:** If you are in default, we may send you a notice of default. You must return a motor vehicle subject to a security interest within 30 days after receiving notice of default. Any notice of default will be mailed to the address on the contract. It is your responsibility to keep the listed address current. Failure to return the vehicle is a civil traffic violation subject to a civil penalty of not more than $250.00. In addition, if you do not return the vehicle and we notify the Department of Transportation of your failure to return it, the Department of Transportation will suspend the vehicle's registration and license plate.

**d. You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's fee and court costs as the law allows. You will also pay any reasonable collection costs we incur as the law allows.

**e. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**f. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

**g. We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**h. What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Exhibit A

Non-Authoritative Copy   Ally Bank - 03/18/2025

## WARRANTIES

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, except as described above for used vehicles. Making no warranties means that the Seller is selling the vehicle as is – not expressly warranted or guaranteed and without any implied warranties of merchantability (except as described above) or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

---

**Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

---

**SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.

You agree that you will, within a reasonable time, notify us of any change in your contact information.

---

**SELLER'S RIGHTS IN ABSENCE OF CREDIT APPROVAL:**

(a) You agree to furnish us any documentation necessary to verify information contained in the credit application. (b) You acknowledge that it may take a few days for us to verify your credit and assign this contract. In consideration of our agreeing to deliver the vehicle, you agree that if we are unable to assign the contract to any one of the financial institutions with which we regularly do business pursuant to terms of assignment acceptable to us, we may cancel this contract. (c) In the event we cancel this contract, we shall give you notice of the cancellation. Upon delivery of such notice, you shall immediately return the vehicle to us in the same condition as when sold reasonable wear and tear excepted. We agree, upon cancellation of this contract to restore to you all consideration we received in connection with this contract, including any trade-in vehicle. (d) In the event the vehicle is not immediately returned to us upon notice of our cancellation of this contract, you agree to pay and shall be liable to us for all expenses incurred by us in obtaining possession of the vehicle, including attorney's fees, and we shall have the right to repossess the vehicle with free right of entry wherever the vehicle may be found, as the law allows. (e) While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle shall be in full force and all risk of loss or damage in the vehicle shall be assumed by you, you shall pay all reasonable repair costs related to any damage sustained by the vehicle while in your possession or control of and until the vehicle is returned to us.

---

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

---

## GUARANTY

The undersigned, jointly and severally, guarantee payment of all amounts owing under this contract and the payment upon demand of the entire amount owing on this contract in the event of default in payment by Buyer named therein. The undersigned waives notice of performance, demands for performance, notice of non-performance, protests, notice of protests, notice of dishonor, notice of acceptance of this Guaranty, of any extensions in time of payment, of sale of any of the collateral and of all other notices to which the undersigned would be otherwise entitled by law and agrees to pay all amounts owing thereunder upon demand, without requiring any action or proceeding against Buyer, and specifically waives any right to require action against Buyer as provided in A.R.S. §§ 12-1641 *et seq.* The undersigned agree to deliver to Seller or, after assignment, to Assignee timely financial statements and any other information relating to the undersigned's financial condition as may be reasonably requested. The undersigned acknowledges receipt from the Seller, prior to signing below, of a separate "Notice to Cosigner."

| N/A | E | N/A |
|---|---|---|
| DATED AT | | GUARANTOR |
| N/A | | N/A |
| DATED AT | | GUARANTOR |

Marital Community Property Joinder: The undersigned spouse of the Guarantor joins in the execution of this guaranty for the purpose of binding the marital property of the Guarantor, and the undersigned, in accordance with A.R.S. § 25-214 or other applicable law. THE UNDERSIGNED SPOUSE OF THE GUARANTOR ACKNOWLEDGES RECEIPT FROM THE SELLER, PRIOR TO SIGNING BELOW, OF A SEPARATE "NOTICE TO COSIGNER."

| N/A | N/A |
|---|---|
| Date | Spouse of the Guarantor |

Exhibit A

Non-Authoritative Copy Ally Bank - 03/18/2025

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

☐ **IF THE BOX IS CHECKED, THIS CONTRACT IS SUBJECT TO A BROKER FEE PAID BY THE SELLER TO** _____N/A_____ .

**You acknowledge an express intent to grant a security interest in the vehicle and hereby waive and abandon all personal property exemptions granted upon the vehicle, which is the subject of this contract. NOTICE: BY GIVING US A SECURITY INTEREST IN THE VEHICLE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM SUCH PROPERTY EXEMPT FROM PROCESS.**

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.

Non-Authoritative Copy Ally Bank - 03/18/2025

Exhibit A

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X F** _JUSTIN BASSETT_ Co-Buyer Signs **X F** _SUMMER BASSETT_

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**NOTICE TO THE BUYER: (1) Do not sign this contract before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the contract you sign.**

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**YOU ACKNOWLEDGE THAT YOU HAVE READ ALL PAGES OF THIS CONTRACT, INCLUDING THE ARBITRATION PROVISION ON PAGE 5, BEFORE SIGNING BELOW.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

ANY INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE LIABILITY COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.

The Arizona Department of Insurance and Financial Institutions regulates the Seller and can be contacted at 100 N 15th Avenue, Suite 261, Phoenix, AZ 85007-2630, (602) 771-2800, if you have any complaints concerning this contract.

| | | | |
|---|---|---|---|
| **X G** _JUSTIN BASSETT_ | 03/18/2025 | **X G** _SUMMER BASSETT_ | 03/18/2025 |
| **Buyer Signs** | **Date** | **Co-Buyer Signs** | **Date** |
| JUSTIN LEE BASSETT | | SUMMER LYNN BASSETT | |
| **Buyer Printed Name** | | **Co-Buyer Printed Name** | |

**X G** _LUIS MOSQUEDA_ 03/18/2025
**Seller Signs** **Date**

By **X** SANDS MOTOR COMPANY FINANCE
**Title**

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A Title N/A

**SEE THE REST OF THIS CONTRACT FOR OTHER IMPORTANT TERMS AND AGREEMENTS.**

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X H** N/A Date N/A Address N/A

Non-Authoritative Copy   Ally Bank - 03/18/2025

Non-Authoritative Copy   Ally Bank - 03/18/2025

Exhibit A

# CERTIFICATION BY CUSTODIAN OF RECORDS
## Certified Print® Evidentiary Package
## for Electronic Original® Document

I, the individual signing below, hereby certify that:

I am an employee or agent of the Organization named below (the "Organization").The Organization utilizes the electronic document creation, authentication, storage, and management software provided by eOriginal, Inc. (the "Software"). I am authorized by the Organization to access and to print copies of original documents electronically created, authenticated, stored, and managed by or on behalf of the Organization through use of the Software (each such original an "Electronic Original® Document"). I use the Software on behalf of the Organization in accordance with the Organization's internal procedures and in the ordinary course of business of the Organization. I rely upon the operation of the Software, and the computer on which I access the Software, on a regular basis and in the ordinary course of business on behalf of the Organization. The Organization relies upon the operation of the Software and the accuracy of the Electronic Original Documents produced and maintained by the Software in the ordinary course of the Organization's business.

To create the copies of documents provided with this Certification (collectively, the "Copy"), I instructed the Software to initiate the Certified Print process and cause a copy of an Electronic Original Document to be printed to paper. The printed Copy is a true and correct rendering of that Electronic Original Document. At the time I used the Software to create the Copy, the Software and the computer on which I accessed the Software were properly functioning.

Attached to the Copy is a Document Activity History report produced by the Software which sets forth the history of the Electronic Original Document evidenced by the Copy from creation of such Electronic Original Document through the date and time I instructed the Software to execute the Certified Print® process to create the Copy. The Document Activity History report sets forth all actions taken in respect of, and all access and alterations to, the Electronic Original Document while it is maintained by the Software. As shown in the Document Activity History report, the Electronic Original Document evidenced by the Copy was created through use of the Software at or near the time of the occurrence of the matters set forth therein, by persons with knowledge of those matters or from information transmitted by such persons. The Electronic Original Document has been kept in the ordinary course of business of the Organization and it was the regular practice of the Organization to make and maintain the Electronic Original Document.

I insert my signature below to declare under the penalties of perjury that the foregoing is true and correct.

Organization: Ally Bank

Electronic Original Vault Identifier: Transaction: ██████ Document ██████

Full Name: Paul Tangen

Signature: **Paul Tangen** Digitally signed by Paul Tangen Date: 2025.10.15 11:22:36 -05'00'

Date: _____

Exhibit A

# Document Activity History Report

Requestor ███████████
Request Date: 10/08/2025 04:50:49 PM EDT
Requestor Organization: Ally Bank

**Transaction**
Transaction ID: ████████████████████████
Vault ID: ██████████
Universal App ID: ████████████
Lender ID: ███████████
Ally App I████████

**Document**
Document ID: ████████████████████
Vault ID: ██████████████████████
Document GUID: █████████████████████
External Reference 1: ██████████
External Reference 2: ██████████
Creation Date: 03/27/2025 09:59:06 AM EDT
eCertainty® Validated On: 10/08/2025 04:50:49 PM EDT
Vault Type: Original
Owning Organization: Ally Bank

Batch ID: ████████████

| Date | Action | Recorded By | Participant | IP Address | Audit |
|---|---|---|---|---|---|
| 10/08/2025 04:50:49 PM EDT | Submitted Certified Print | Command Center | Harshil Shah <EO_OktaUser@ally.com><br>Ally Bank | ████████ | |
| 10/08/2025 04:50:49 PM EDT | Retrieved Document | Command Center | Harshil Shah <EO_OktaUser@ally.com><br>Ally Bank | ████████ | |
| 03/27/2025 09:59:06 AM EDT | Confirmed Transfer of Control from Ally Bank with RouteOne, LLC as Custodian to Ally Bank | eCore Post API | eCore System Account <support@eoriginal.com><br>Ally Bank with RouteOne, LLC as Custodian | N/A | X |
| 03/27/2025 09:59:06 AM EDT | Accepted Transfer of Control from Ally Bank with RouteOne, LLC as Custodian to Ally Bank | eCore Post API | eCore System Account <support@eoriginal.com><br>Ally Bank | N/A | X |
| 03/27/2025 09:59:06 AM EDT | Initiated Transfer of Control from Ally Bank with RouteOne, LLC as Custodian to Ally Bank | eCore Post API | eContracting API User <eOVaultProd@routeone.com><br>Ally Bank with RouteOne, LLC as Custodian | ████████ | X |
| 03/27/2025 09:59:03 AM EDT | Confirmed Transfer of Control from RouteOne, LLC to Ally Bank with RouteOne, LLC as Custodian | eCore Post API | eContracting API User <eOVaultProd@routeone.com><br>RouteOne, LLC | ████████ | X |
| 03/27/2025 09:59:03 AM EDT | Accepted Transfer of Control from RouteOne, LLC to Ally Bank with RouteOne, LLC as Custodian | eCore Post API | eContracting API User <eOVaultProd@routeone.com><br>Ally Bank with RouteOne, LLC as Custodian | N/A | X |
| 03/27/2025 09:59:03 AM EDT | Initiated Transfer of Control from RouteOne, LLC to Ally Bank with RouteOne, LLC as Custodian | eCore Post API | eContracting API User <eOVaultProd@routeone.com><br>RouteOne, LLC | ████████ | X |

## Additional Event Information

| Date | Action | Additional Information |
|---|---|---|
| 10/08/2025 04:50:49 PM EDT | Submitted Certified Print | Batch Name=████████████████ |
| 03/27/2025 09:59:06 AM EDT | Confirmed Transfer of Control | Batch Na███████████████████████, Transferred From=Ally Bank with RouteOne, LLC as Custodian, Transferred To=Ally Bank |
| 03/27/2025 09:59:06 AM EDT | Accepted Transfer of Control | Batch Name ████████████████ |
| 03/27/2025 09:59:06 AM EDT | Initiated Transfer of Control | Batch Name ████████████████ |
| 03/27/2025 09:59:03 AM EDT | Confirmed Transfer of Control | User signed as agent for: eContracting API User, Transferred From=RouteOne, LLC, Transferred To=Ally Bank with RouteOne, LLC as Custodian |

# Exhibit A

# Document Activity History Report

| Date | Action | Additional Information |
|---|---|---|
| 03/27/2025 09:59:03 AM EDT | Accepted Transfer of Control | User signed as agent for: eContracting API User |
| 03/27/2025 09:59:03 AM EDT | Initiated Transfer of Control | User signed as agent for: eContracting API User |

## Signature Information

| Details | Digital Certificate Information | Displayed Value |
|---|---|---|
| **Block:** Dealer_8_Signature <br> **Date:** 03/18/2025 03:01:24 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *LUIS MOSQUEDA* |
| **Block:** Buyer_1_Signature <br> **Date:** 03/18/2025 08:07:56 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *JUSTIN BASSETT* |
| **Block:** Buyer_3_Signature <br> **Date:** 03/18/2025 08:07:56 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *JUSTIN BASSETT* |
| **Block:** Buyer_6_Signature <br> **Date:** 03/18/2025 08:07:56 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *JUSTIN BASSETT* |
| **Block:** CoBuyer_6_Signature <br> **Date:** 03/18/2025 04:05:18 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *SUMMER BASSETT* |
| **Block:** Buyer_7_Signature <br> **Date:** 03/18/2025 08:07:56 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *JUSTIN BASSETT* |
| **Block:** CoBuyer_3_Signature <br> **Date:** 03/18/2025 04:05:18 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP: ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *SUMMER BASSETT* |
| **Block:** CoBuyer_7_Signature <br> **Date:** 03/18/2025 04:05:18 PM EDT <br> **Reason:** I confirm I have reviewed this entire document, agree to its terms and conditions, and wish to apply my signature(s) in each location indicated to represent my agreement <br> **Location:** IP ██████████ | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | *SUMMER BASSETT* |
| **Block:** Vault Tamper Seal <br> **Date:** 03/18/2025 08:08:01 PM EDT | **Issued to:** Wolters Kluwer United States, Inc. <br> **Issued by:** Entrust, Inc. | |

This Document Activity History Report was produced for the document identified by eCore Document ID ██████ on 10/08/2025 04:50:49 PM EDT by the eCore® software, operated for Ally Bank. This Document Activity History Report is provided in support of a Certificate regarding either: (i) the Paper Out® export of an Electronic Original® document; or (ii) the production of a Certified Print® copy for legal purposes. This Document Activity History Report may also have been provided when an independent request for this document history was made. The digital signature on this document confirms the state of the events recorded for the document as of the date and time of the request of this report. Additionally, a digital signature confirms that any action marked AUDIT has not been altered since the action occurred. Trademarks are property of eOriginal, Inc. All rights reserved.

## Exhibit A

```
                    PDP ELECTRONIC TITLE DOCUMENT



ELT*AZ     : ELT - ARIZONA
Title #: A019534119                          Title Type :
Issue Date:  4/21/2025            Lic/Tag/Control #:


VIN  . . . . . . :    3GNAXKEG9RS216797

Vehicle Info.  . :    2024 CHEV EQUINOX EQUINOX


Odometer Reading :    24530
          Date  . :
          Status  :


Owner Information . :    JUSTIN LEE BASSETT
Co-Owner  . . . . . :    SUMMER LYNN BASSETT


Owner address . . . :    1229 S 13TH AVE
                         UNIT 2
                         PHOENIX
                         AZ     850074089


Lienholder Information: ALLY FINANCIAL
                        PO BOX 8127

                        COCKEYSVILLE
                        MD     210308127

2nd Lienholder Name   :


ELT Sent Date . . . . :    3/10/2025
Lien Type . . . . . . :
Owner Driver License# :


Brand code . . . . :


Release name . . . :
Release address 1  :
Rel City/State/Zip :    ,
```

Exhibit B

Debtor 1    JUSTIN L BASSETT

Debtor 2    SUMMER L BASSETT
(Spouse, if filing)

United States Bankruptcy Court for the:    District of ARIZONA
(State)

Case number    25-08792-MCW-13

Official Form 410

# Proof of Claim
04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgements, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1:    Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? | Ally Servicing LLC as servicer on behalf of Citrus Tree Finance LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |

2. Has this claim been acquired from someone else?

☑ No
☐ Yes. From whom?

3. Where should notices and payments to the creditor be sent?

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Ally Servicing LLC as servicer on behalf of Citrus Tree c/o AIS Portfolio Services, LLC
Name

4515 N. Santa Fe Ave. Dept. APS
Number                    Street

Oklahoma City          OK          73118
City                    State          ZIP Code

Contact phone (800) 495-1578

Contact email ECFNotices@aisinfo.com

Uniform claim identifier (if you use one):

___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___ — ___ ___ ___ ___

**Where should payments to the creditor be sent?** (if different)

Payment Processing Center
Name

PO Box 660618
Number                    Street

Dallas          TX          75266-0618
City                    State          ZIP Code

Contact phone (800) 495-1578

Contact email

4. Does this claim amend one already filed?

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ___/___/___
                                                                       MM / DD / YYYY

5. Do you know if anyone else has filed a proof of claim for this claim?

☑ No
☐ Yes. Who made the earlier filing? _____

Exhibit C

6. **Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  2  2  6  8

7. **How much is the claim?** $ 30,144.24*

*Claimant reserves right to amend its claim, including but not limited to, the right to amend for an unsecured deficiency

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Automobile Financing

9. **Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☑ Motor vehicle

☐ Other. Describe:  VIN:3GNAXKEG9RS216797

**Basis for perfection:**  Certificate of Title/Lien Notice

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____ (*Not applicable pursuant to 11 U.S.C §§1325(a) and 506)

**Amount of the claim that is secured:** $ 30,144.24

**Amount of the claim that is unsecured:** $ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ 1516.50

**Annual Interest Rate** (when case was filed)  19.990* %  * May not reflect rate entitled to under In re Till

☑ Fixed

☐ Variable

Contractual rate - for informational purposes

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Case 2:25-bk-08792-MCW    Claim 9-1    Filed 10/20/25    Desc Main Document    Page 2 of 19

Exhibit C

| | |
|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? <br><br> A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No <br><br> ☐ Yes. *Check one:* |

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

$ _____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507 (a)(7).

$ _____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C § 507 (a)(4).

$ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. §507 (a)(8).

$ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507 (a)(5).

$ _____

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

$ _____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3: Sign Below**

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b). <br><br> If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is. <br><br> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | *Check the appropriate box:* <br><br> ☐ I am the creditor. <br><br> ☒ I am the creditor's attorney or authorized agent. <br><br> ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. <br><br> ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. <br><br> I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward that debt. <br><br> I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. <br><br> I declare under penalty of perjury that the foregoing is true and correct. <br><br> Executed on date    10/20/2025 <br>       MM / DD / YYYY <br><br><br> /s/ Shubham Tandlekar <br>      Signature |

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | Shubham Tandlekar | |
| | First Name      Middle Name      Last Name | |
| Title | Claim Processor | |
| Company | AIS Portfolio Services, LLC | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 4515 N Santa Fe Ave. <br> Dept. APS | |
| | Number      Street | |
| | Oklahoma City      OK      73118 | |
| | City      State      Zip Code | |
| Contact Phone | (888)-455-6662 | Email    ECFNotices@aisinfo.com |

\* This form 410 has been modified by AIS in conformance with FED. R. BANKR. P. 9009 and compliance with FED. R. BANKR. P. 3001. This Form 410, as modified, is substantially similar to Official Form 410.

Case 2:25-bk-08792-MCW    Claim 9-1    Filed 10/20/25    Desc Main Document    Page 3 of 19

Exhibit C

| Last 4 Digits of the account: | 2268 |
|---|---|

# Itemization of claim

## Part 1 : Statement of Principal & Interest Due

| | | |
|---|---|---|
| Principal Balance | | $29192.63 |
| Interest Due | + | $845.83 |
| Total | | $ 30038.46 |

## Part 2 : Statement of Fees, Expenses and Charges

| | | |
|---|---|---|
| Late Fees/ Charges | + | $ 105.78 |
| Non- Sufficient Funds (NSF) Fees | + | $ 0.00 |
| Other Specify _____ | + | $ 0.00 |
| Other Specify _____ | + | $0.00 |
| Other Specify _____ | + | $0.00 |
| Other Specify _____ | + | $0.00 |
| Other Specify _____ | + | $0.00 |
| Other Specify _____ | + | $0.00 |
| Total | | $ 105.78 |

## Part 3 : Statement of Amount Necessary to Cure Default

| | | |
|---|---|---|
| Amount of Installment Payments Due | | $ 1410.72 |
| Fees, Expenses and Charges | + | $ 105.78 |
| Total Unapplied Funds | - | $ 0.00 |
| Total | | $ 1516.50 |

Exhibit C